UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT HARRIS,

        Plaintiff,

v.                              Case No:   2:14-cv-17-FtM-29CM

BRENDA GARRETSON, JEFF
WRIGHT, JOE MUCHA, MIKE
NELSON and JOHN CONNETTA,

        Defendants.

_____

### REPORT AND RECOMMENDATION[1]

On February 12, 2014, Plaintiff *pro se* Robert Harris submitted an Affidavit of Indigency ("Affidavit"), requesting leave to proceed *in forma pauperis* in this case without the prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915.[2] Doc. 9.   In accordance with Section 1915, the undersigned determined that Plaintiff met the requirements of indigency and then conducted a sufficiency review of the Complaint (Doc. 1).   Doc. 14.   Upon review, the Court denied Plaintiff's request to proceed *in forma pauperis* without prejudice, informed Plaintiff of the deficiencies of his Complaint, and afforded him an opportunity to file an amended complaint in accordance with that Order on or before June 13, 2014.   *Id.*   The Court cautioned

_____

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] The Court previously denied Plaintiff's first request to proceed *in forma pauperis* because the Affidavit of Indigency (Doc. 2) failed to provide sufficient information.   Doc. 4.

Plaintiff that failure to correct the deficiencies would result in the Court recommending that the case be dismissed.   *Id.* at 3, 13.   Plaintiff failed to file an amended complaint or any other response to the Court's Order.   Therefore, the undersigned recommends that Plaintiff's Complaint be **DISMISSED** and the case closed.

## I.   Sufficiency of the Complaint

Pursuant to 28 U.S.C. § 1915, once an affidavit demonstrates sufficient economic eligibility on its face, the Court should proceed to determine the sufficiency of Plaintiff's claim.   Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2).   If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*.   *See* 28 U.S.C. § 1915(e)(2).   A claim will be considered frivolous only if it is "without arguable merit."   *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), cert. denied, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)).   "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight."   *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).   The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).   The Supreme Court has cautioned, however, that a case

should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  *See id.* at 327.   With respect to whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

In this case, Plaintiff does not state the basis for this Court's jurisdiction, but appears to be alleging constitutional violations pursuant to 42 U.S.C. § 1983 in the manner in which code enforcement actions were taken by Collier County Code Enforcement.   Doc. 1.   Plaintiff complains about fines allegedly imposed by Collier County Code Enforcement and special magistrate Brenda Garretson regarding housing code violations at the Property.   *Id.*   Plaintiff's Complaint should be dismissed based upon a number of grounds, as set forth below.

## 1.   Standing

First, Plaintiff's Complaint does not establish that Plaintiff is the aggrieved party in this case and thus has standing to bring suit.   Article III of the United States Constitution limits the Court's jurisdiction to cases or controversies, *Clapper v. Amnesty Intl. USA*, 133 S. Ct. 1138, 1146 (2013), and requires that there be a case or controversy at all stages of the litigation.   *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013).   Standing requires that: (1) the plaintiff suffer an actual or imminent injury that is "'concrete and particularized'" and not "'conjectural or hypothetical,'" (2) the injury be "fairly traceable" to the defendant's conduct, and (3) a favorable decision would redress the plaintiff's injury.   *Northeastern Fla. Chapter, Associated Gen.*

*Contractors of America v. City of Jacksonville*, 508 U.S. 656, 663-64 (1993) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiff included four exhibits to his Complaint, which are proceedings and orders of the special magistrate judge regarding housing code violations at the address that Plaintiff has listed as his mailing address in this case, 696 Pine Vale Drive, Naples, Florida, 34104 (the "Property").[3]   The order of the special magistrate stated that the structure was condemned for rear slider doors removed.   Doc. 1-4 at 5.   The Court notes, however, that the respondents in those cases are Doris Lee Stanton Roso and Sheila Jameson, listed at the Property.   *See* Docs. 1-1 – 1-4.   Fines were assessed against Ms. Roso and Ms. Jameson pursuant to the special magistrate judge orders, not against Plaintiff.   Doc. 1-4 at 5.   Plaintiff Robert Harris' name is only mentioned in the exhibits as present at the code enforcement hearing as "power of attorney" for Ms. Roso and Ms. Jameson.[4]   *See* Docs. 1-2 at 12; 1-4 at 2.   The record does not show that Plaintiff owns the Property or otherwise has any possessory interest in the Property.   Mostly, Plaintiff's Complaint cites grievances he has against government and authority for fining him and forcing him to go into debt and work to pay that debt and for requiring him to pay his fines in cash that is not backed by gold or silver.   It is not clear, however, that Plaintiff was imposed any fines by the

---

[3] Plaintiff also submitted a "Notice of Filing," requesting that the Court attach the documents attached to the Notice to his Complaint.   Doc. 13.   The Court struck this filing and informed Plaintiff that if he wished to amend his complaint he must do so by filing a motion for leave to amend his complaint and attach the exhibits at one time.   *See* M.D. Fla. Local Rule 4.01.   Doc. 14 at n.4.   Plaintiff has not done so.

[4] Ms. Roso was represented by attorney Peter T. Flood at the code enforcement proceedings.   Doc. 1-4 at 2.

Defendants, as all of the exhibits to Plaintiff's Complaint state that Ms. Roso and Ms. Jameson, not Plaintiff, were found to be in violation of the Florida Housing Codes.[5] *See* Docs. 1-1 – 1-4.

As currently pleaded, Plaintiff's Complaint does not state what specific actions by the Defendants violated *his* constitutional rights, demonstrating to the Court that Plaintiff has a concrete, particularized injury traceable to the Defendants' conduct such that Plaintiff would have standing to bring suit.[6]

### 2.    Lack of Subject Matter Jurisdiction

Second, assuming Plaintiff can establish standing, to the extent Plaintiff is asking the Court to review a state court judgment, the Court lacks subject matter jurisdiction.   A court may *sua sponte* consider lack of subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking.   *Jackson v. Farmers Ins. Group/Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (citations omitted).   The *Rooker-Feldman* doctrine[7] is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments, *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009), "no

---

[5] Even if the Court considered the exhibits Plaintiff requested to attach to the Complaint (Doc. 13), these exhibits do not establish that Plaintiff has standing as an aggrieved party.

[6] Assuming Plaintiff can establish standing, the Court has further considered whether Plaintiff was required to exhaust his administrative remedies before it may entertain this civil rights lawsuit.   In cases brought pursuant to Section 1983, an aggrieved party is not required to exhaust state administrative remedies before filing in federal court. *See Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982).

[7] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983).

matter how erroneous or unconstitutional the state court judgment may be," *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citation and quotation omitted).   If a claim is barred by the *Rooker-Feldman* doctrine, the federal district court in which it is brought lacks subject-matter jurisdiction.   *Alvarez v. Atty. Gen. for Fla.*, 679 F.3d 1257, 1264 (11th Cir. 2012) (concluding "*Rooker-Feldman* barred the [district] court from exercising subject-matter jurisdiction over the claim").   The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."   *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Thus, assuming that Plaintiff can establish standing, to the extent that he asks this Court to review the judgments for certain code violations of the special magistrate below, the complaint would be frivolous because the Court would not have subject matter jurisdiction over such a claim.

### 3.   Failure to State a Claim

Third, Plaintiff's Complaint, as alleged in conclusory fashion, fails to state a claim.   When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be granted, the facts alleged in the complaint must be accepted as true, and they must be viewed in the light most favorable to the plaintiff. *Behrens v. Regier*, 422 F.3d 1255, 1256-57 (11th Cir. 2005) (citation omitted).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.   *Id.* (quotations and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."   *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Plaintiff appears to be alleging due process violations pursuant to 42 U.S.C. § 1983.   To state a claim under section 1983, a plaintiff must allege that a violation of a specific constitutional right or federal statutory provision was committed by a person acting under color of state law.   *Doe v. Sch. Bd. of Broward County, Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010).   Even construing Plaintiff's claims in a liberal fashion, as currently stated, Plaintiff fails to state a claim against any of the Defendants.   Plaintiff has not identified any action by the Defendants which violated his constitutional rights.   Further, the Defendants, sued in their individual capacities, may be entitled to immunity.   The Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation."   *Tower v. Glover*, 467 U.S. 914, 920 (1984).

For example, under the facts alleged in the Complaint, Defendant special magistrate Brenda Garretson would be entitled to judicial immunity.   Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all

jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir .2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996)); *see also Mireles v. Waco*, 502 U.S. 9, 12-13 (1991).   "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (citing *Stump*, 435 U.S. at 356). According to the Complaint, Plaintiff seeks relief against special magistrate Brenda Garretson based on rulings she entered in the code enforcement proceedings.

### 4.   Pleading Inadequacies

Finally, Plaintiff's Complaint (Doc. 1) fails to comply with Federal Rules of Civil Procedure 8 and 10.   Rule 8(a) requires that a pleading set forth a claim of relief and contain a "short and plain statement" in which the pleader is entitled to relief. Fed. R. Civ. P. 8(a).   This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Federal Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.   A later pleading may refer by number to a paragraph in an earlier pleading.   If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).   In an impermissible shotgun pleading "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustee of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).   A "complaint's failure to link factual allegations to specific counts makes it a quintessential shotgun pleading.   As such, it does not comply with Rule 8(a)." *Frantz v. Walled*, 513 F. App'x 815, 821 (11th Cir. 2013).   While the Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, *Ortiz v. Degrees*, 2010 WL 2889773, *1 (M.D. Fla. June 28, 2010), a *pro se* litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure.   *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993).

In this case, Plaintiff's Complaint fails to meet the above standard.   Factually, it is difficult to discern what Plaintiff is actually claiming that each Defendant did to violate his constitutional rights.   Plaintiff does not set forth specific counts, but lists "title of nobility," denial of due process under the Fifth Amendment, denial of a fair trial under the Fifth, Sixth, and Fourteenth Amendments, cruel and unusual punishment under the Eighth Amendment, unnamed violations of the Ninth and Tenth Amendment, infliction of peonage and involuntary servitude under the Thirteenth Amendment, Sherman Antitrust Act violations, and conspiracy. Plaintiff states that he is only suing Defendants in their individual capacities but does not state which Defendants are liable for which "claims."   The Complaint is a quintessential shotgun pleading.

IV.    Conclusion

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** and the case closed.

**DONE** and **ENTERED** in Fort Myers, Florida on this 9th day of July, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Honorable John E. Steele
Unrepresented parties